NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4734
_____

UNITED STATES OF AMERICA

v.

ROBERT STINSON, JR.,
                                                                Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:10-cr-00724-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2014

Before: AMBRO, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed: December 16, 2014)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

Appellant Robert Stinson, Jr. appeals the 324-month prison sentence imposed after

this Court vacated his initial 400-month prison term. *See United States v. Stinson*, 734

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

F.3d 180 (3d Cir. 2013). Stinson claims that the District Court erred procedurally by rejecting his forensic psychologist's conclusions upon which his mitigation arguments rested. Discerning no error in the District Court's consideration of the psychologist's opinions, we will affirm the District Court's judgment.

I.

From 2006 through 2010, Stinson solicited over $17 million from hundreds of individuals for a sham investment fund called "Life's Good." On August 15, 2011, Stinson pleaded guilty to five counts of wire fraud, in violation of 18 U.S.C. § 1343; four counts of mail fraud, in violation of 18 U.S.C. § 1341; nine counts of money laundering, in violation of 18 U.S.C. § 1957; one count of bank fraud, in violation of 18 U.S.C. § 1344; three counts of filing false tax returns, in violation of 26 U.S.C. § 7206; two counts of obstruction of justice, in violation of 18 U.S.C. § 1505; and two counts of making false statements to the federal government, in violation of 18 U.S.C. § 1001.

The District Court sentenced Stinson to 400 months' imprisonment, a sentence that was approximately 10% above the advisory guidelines range of 292 to 365 months. On appeal, we concluded that the District Court had erred in applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(16)(A) for deriving $1 million or more from a financial institution. *Stinson*, 734 F.3d at 181. On remand, the District Court re-calculated the advisory guidelines range to be 235 to 293 months, a range that Stinson does not contest. The District Court again varied upward by approximately 10%, imposing a prison term of 324 months. Stinson timely appealed.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

III.

Stinson's sole argument on appeal is that the District Court committed procedural error by rejecting the testimony of defense witness Dr. Catherine Barber. Prior to sentencing, Dr. Barber conducted a three-hour interview with Stinson, administered psychological tests, read the Presentence Investigation Report (including victim impact statements), and reviewed the indictment. Based on this information, she issued a report and testified at the initial sentencing hearing that Stinson met the criteria for narcissistic personality disorder.

Consistent with this diagnosis, defense counsel argued that Stinson's grandiose and unreasonable estimation of his own capabilities led him to believe that his business activities would prove wildly successful and generate huge returns for investors. Arguing that "this is not a case in which [the defendant] stole in a cold-blooded manner[,]" (App. 207), and that Stinson's narcissistic personality disorder is amenable to psychological treatment, the defense requested a sentence below the advisory guidelines minimum of 235 months.

The District Court was not swayed by this argument. Recognizing that the requested downward variance rested upon Dr. Barber's conclusions, the District Court stated:

3

> . . . I first want to say that I reread Dr. Barber's report, and I give low weight to her opinions. I don't dispute her expertise or her knowledge, but she relies very heavily on what Mr. Stinson told her . . . and I don't think he's a reliable person in any way, shape, or form by virtue of the extensive fraud that he committed on so many victims here . . . .

(App. 215.)

Stinson asserts that the District Court's statement reveals a fundamental misunderstanding of the bases for Dr. Barber's conclusions. Far from relying on what he had told her, asserts Stinson, Dr. Barber actually relied upon victim statements in the Presentence Investigation Report to form her opinion that "Stinson was a 'perfect fit' for the criteria of a narcissistic personality disorder." (Appellant's Brief at 20.) According to Stinson, Dr. Barber quoted statements Stinson made, not for their truth, "but to illustrate his exaggerated sense of his talents and capacities." *(Id.)*

The point made by the District Court, however, is that Dr. Barber necessarily had to rely upon what Stinson told her, not for the truth of what he said, but for the purpose of making her diagnosis, and Stinson wanted to use that diagnosis to reduce his punishment. The District Court took into account Stinson's success as a con artist, bilking investors of more than $17 million and even deceiving a well-regarded investment-rating agency, Morningstar, Inc., in deciding to accord little weight to Dr. Barber's opinion.

Where, as here, the defendant asserts that an incorrect factual determination resulted in a procedural error in imposing the sentence, we apply the "clear error" standard of review. *See United States v. Handerhan*, 739 F.3d 114, 119 (2014). Under the clear-error standard, it is our responsibility "to accept the ultimate factual

4

determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (quotation marks and citations omitted).

We cannot say that the District Court clearly erred in finding that Dr. Barber relied heavily on Stinson's statements in arriving at her conclusions. Indeed, her conclusions necessarily depended upon Stinson's own statements regarding his personality and mindset. She interviewed only Stinson. The District Court had before it a record of sophisticated deceptive conduct by Stinson that continued even after his arrest on the underlying charges. The record supported a rational conclusion that Stinson was an inveterate manipulator, thereby justifying the District Court's decision to discount any of Dr. Barber's conclusions that depended on Stinson's statements.

Because the District Court did not err in according little weight to Dr. Barber's opinions, there is no need to speculate about how the District Court might have considered Stinson's mitigation arguments that rested on Dr. Barber's conclusions.[1] It is sufficient to observe that there was ample support for the sentence imposed in this case.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[1] Stinson does not challenge the substantive reasonableness of his sentence.