**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2681
_____

UNITED STATES OF AMERICA

v.

DANTE G. DIXON,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(No. 2:13-cr-00806-001)
District Judge:  Honorable William J. Martini

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2015

Before:  CHAGARES, JORDAN, and VANASKIE, Circuit Judges.

(Filed: March 18, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Dante Dixon pled guilty to conspiracy to commit wire fraud and was sentenced to thirty-seven months of imprisonment on April 30, 2014.[1]  He appeals the judgment of sentence, arguing that the District Court erred by varying upward from the offense level calculated in his Presentence Report.  For the following reasons, we will affirm the decision of the District Court.

I.

We write solely for the parties and therefore recite only the facts that are necessary to our disposition.  Dixon and a conspirator impersonated corporate executives to induce companies to extend lines of credit to them.  Using this scheme, they received over $220,000 in goods and services for which they never paid.  Dixon was caught and pled guilty to conspiracy to commit wire fraud on December 17, 2013, pursuant to a written plea agreement.

At sentencing, Dixon argued that his criminal history category had been incorrectly calculated and argued that a sentence at the bottom of the range prescribed by the advisory Sentencing Guidelines was appropriate.  The Government argued that the criminal history category was correct and sought a sentence near the top of the Guidelines range.  Pursuant to the plea agreement, neither party requested a departure.

The District Court considered and rejected Dixon's argument regarding his criminal history, and Dixon does not appeal that decision.  The District Court went on to

---

[1] The judgment of sentence was amended twice, for clerical reasons, and the latest, operative judgment was entered on May 30, 2014.  App. 8.

2

consider Dixon's extensive criminal history, including the fact that he had perpetrated two fraudulent schemes while on supervised release from an earlier sentence for credit card fraud and that Dixon committed the instant offense just before he was set to surrender for the second violation of his supervised release. At sentencing, the District Court found that the insufficient deterrent effect of Dixon's prior sentences, his lack of apparent remorse, and the need to protect the public justified a one-point upward variance. Dixon was sentenced to thirty-seven months of imprisonment — the top of the Guidelines range given the increased offense level.[2]

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 18 U.S.C. § 3742(a). We review a district court's sentence for abuse of discretion. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## III.

Our review of a criminal sentence proceeds in two steps. First, we examine whether the district court committed a significant procedural error. Id. Then we consider whether the sentence imposed is substantively reasonable. Id. Our responsibility is thus "to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008).

Dixon raises claims of both procedural error and substantive unreasonableness. On the procedural front, he argues that the District Court failed to consider his "history

---

[2] This sentence represented a four-month increase above what would have been the top of the Guidelines range had the District Court used the offense level as calculated in the Presentence Report.

3

and characteristics," pursuant to 18 U.S.C. § 3553(a)(1), and that its consideration of the other § 3553(a) factors was "cluttered." Dixon Br. 6. It is true that one of the procedural requirements for sentencing is that the sentencing court demonstrates "meaningful consideration of the relevant statutory factors." United States v. Grier, 475 F.3d 556, 571–72 (3d Cir. 2007) (en banc). Also, the sentencing court must "respond to colorable arguments with a factual basis in the record." United States v. Merced, 603 F.3d 203, 224 (3d Cir. 2010).

Neither of Dixon's arguments supports the conclusion that the District Court committed a procedural error. The District Court considered Dixon's history and characteristics — it simply did not draw from those considerations the conclusions that Dixon would have preferred. For example, Dixon provided materials related to his family circumstances and upbringing. The District Court considered these materials and was troubled by the fact that Dixon committed these crimes in spite of the fact that he had a good upbringing and stable family. Other materials Dixon submitted purporting to demonstrate how his "history and characteristics" justified a lower sentence were considered in a similar fashion.

While the District Court did not draw Dixon's desired conclusion from these submissions, the record clearly demonstrates that all of his submissions were fully considered. Dixon concedes as much in his brief, contending not that the District Court failed to review his materials, but rather complaining that it "discredited" his submissions when it "could have considered these facts as favorable to him." Dixon Br. 9. This

4

amounts solely to a disagreement with the District Court's conclusion and does not set out a reversible procedural error.

As to Dixon's second point — that the District Court's analysis was "cluttered" — the District Court considered the relevant § 3553(a) factors. Specifically, the District Court considered the seriousness of the offense, the need for specific deterrence, and the need to protect the public, and it found that the Guidelines range did not "adequately address[] the concerns that [the District Court had] under [the] [§] 3553 factors." Appendix ("App.") 47. The sentencing court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Tomko, 562 F.3d at 568 (quotation marks omitted). The record in this case is clear that the District Court adequately considered all relevant factors in imposing sentence and adequately justified the imposition of a small upward variance, based primarily on the need to protect the public and the need for increased specific deterrence.

Dixon also lays out a skeletal argument that his sentence was substantively unreasonable, premised on the District Court's rejection of his "efforts toward post-offense rehabilitation," its acknowledgement that the seriousness of the offense standing alone might justify a downward variance, and its statement that the enhanced sentence might be insufficient to deter Dixon from committing further crimes. Dixon Br. 10–11. "We will affirm a procedurally sound sentence as substantively reasonable 'unless no reasonable sentencing court would have imposed the same sentence on that particular

5

defendant for the reasons the district court provided.'" United States v. Handerhan, 739 F.3d 114, 124 (3d Cir. 2014) (quoting Tomko, 562 F.3d at 568).

First, the District Court considered Dixon's claimed efforts at post-offense rehabilitation, but found those contentions to "ring hollow," App. 46, largely because Dixon committed crimes while on supervised release in the past. It reasonably concluded that Dixon had likely made similar self-serving claims of being a changed man to other sentencing judges and still reoffended. It also found that he had little genuine remorse, which suggests that his claims of post-offense rehabilitation were more opportunistic than sincere. We defer to the sentencing court's evaluation of Dixon's credibility as "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." Gall v. United States, 552 U.S. 28, 51 (2007) (quotation marks omitted).

Second, the District Court acknowledged that the seriousness of the crime might justify a downward departure only if one did not also take into account Dixon's background and criminal history. The seriousness of the crime is only one of the § 3553(a) factors, and the sentencing court is required to consider all relevant factors and balance competing considerations. Considering all the relevant factors, as a sentencing court is obliged to do, convinced the District Court that a slight upward variance was necessary. See id. (holding that an appellate court must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance").

6

Finally, the District Court's concern that the enhanced sentence might be insufficient to deter Dixon is no reason to overturn it in favor of the imposition of a <u>lower</u> sentence. Considering the record as a whole, Dixon's sentence was well within the range of reasonable sentences, and we certainly cannot conclude that "no reasonable sentencing court would have imposed the same sentence." <u>Tomko</u>, 562 F.3d at 538.

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.