**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1517
_____

UNITED STATES OF AMERICA

v.

QUAME HERD,
AKA Doedoe,
AKA Worm,
            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-18-cr-000596-001)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 16, 2020

Before:  HARDIMAN, PORTER, and PHIPPS, *Circuit Judges*.

(Opinion filed: January 27, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

After pleading guilty to distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Quame Herd received a 151-month prison sentence. Although that sentence was at the bottom of the advisory range of 151-to-188 months under the United States Sentencing Guidelines, Herd now appeals. He argues that due to his individual circumstances, his sentence should have been less. As an appeal from a final order and from a judgment imposing a sentence, *see* 28 U.S.C. § 1291; 18 U.S.C. § 3742(a), we have jurisdiction, and in evaluating the substantive reasonableness of Herd's sentence under an abuse-of-discretion standard, *see United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc), we will affirm the judgment of sentence.

The analysis starts with the presumption that a within-Guidelines sentence, such as Herd's, is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007) (permitting a presumption of reasonableness to within-Guidelines sentences); *United States v. Handerhan*, 739 F.3d 114, 119-20 (3d Cir. 2014) ("If the sentence is within the applicable Guidelines range, we may presume that the sentence is reasonable.").

Herd attempts to overcome that presumption by arguing that the District Court undervalued Herd's specific life circumstances and overvalued his criminal history in imposing the sentence. He emphasizes that although he was raised in a high-crime neighborhood, with an absentee father and a mother who frequently used drugs during his childhood, he nonetheless recently demonstrated determination in overcoming his prior drug use and in improving his life, which the District Court acknowledged at the sentencing hearing. Herd also contends that his sentence is too high because his criminal

2

history consists exclusively of minor drug offenses – as a low-level drug dealer, not a kingpin – and not violent crimes.

Those arguments, while persuasive enough to convince the District Court to impose a bottom-of-the-Guidelines-range sentence, do not satisfy the "heavy burden of showing that a sentence within the applicable Guidelines range was substantively unreasonable." *United States v. Fountain*, 792 F.3d 310, 323 (3d Cir. 2015). The nature of the offense, Herd's extensive criminal history, his likelihood of recidivism, the interest in protecting society from future crimes, and the value of deterring criminal conduct – factors considered by the District Court in sentencing Herd – all prevent Herd from meeting that heavy burden. Accordingly, we will affirm his judgment of sentence.