**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3764
_____

UNITED STATES OF AMERICA

v.

ALDWIN VEGA,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

(District Court Criminal No. 2-13-cr-00061-008)
District Judge:  Honorable Reggie B. Walton

Argued April 27, 2022

BEFORE:  HARDIMAN, NYGAARD, and FISHER, *Circuit Judges*

(Filed: May 17, 2022)

Jay V. Surgent [**Argued**]
Weiner Law Group
629 Parsippany Road
Parsippany, NJ 07054

        *Counsel for Appellant*

Donovan J. Cocas [**Argued**]
Adam N. Hallowell

Laura S. Irwin
Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

     *Counsel for Appellee*

_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

Aldwin Vega challenges three aspects of his sentence: the twenty-year statutory mandatory minimum, the four-level leader or organizer guidelines enhancement, and his sentence's substantive reasonableness.

Because we discern no plain error as to Vega's first two challenges and his sentence is substantively reasonable, we will affirm the District Court.

## I

Aldwin Vega was indicted in the Western District of Pennsylvania on one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846. The Government then filed an information accusing him of having been previously convicted of a "felony drug offense"— possession of a controlled substance with intent to distribute in a school zone, in violation of N.J. Stat. § 2C:35-7—which subjected him, in this case, to a twenty-

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

year mandatory minimum sentence under the then-effective version of 21 U.S.C. § 841(b)(1)(A).[1]

In September of 2017, a jury found Vega guilty as charged. On December 14, 2018, the District Court sentenced Vega to 262 months of imprisonment.

## II

## A

On appeal, Vega contends for the first time that his 2001 N.J. Stat. § 2C:35-7 conviction is not a predicate "felony drug offense" because, in 2001, § 2C:35-7 prohibited conduct involving three sets of drugs not included in 21 U.S.C. § 802's definition of "felony drug offense": (1) flunitrazepam, gamma hydroxybutyrate ("GHB"), and phencyclidine ("PCP"); (2) positional isomers of cocaine; and (3) hemp.

Because Vega raises these three arguments for the first time on appeal, to prevail they must "meet the requirements of the plain-error standard by demonstrating the error is clear, prejudicial, and affects the fairness or reputation of the judicial proceeding." *United States v. Dahl*, 833 F.3d 345, 349 n.4 (3d Cir. 2016).

---

[1] The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, amended the relevant part of § 841(b)(1)(A), replacing "felony drug offense" with "serious drug felony or serious violent felony" and decreasing the associated mandatory minimum sentence from twenty to fifteen years. That amendment is inapplicable here because Vega's sentence was imposed on December 14, 2018, one week before the amendment took effect. *See United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019). Accordingly, reference to the relevant part of § 841(b)(1)(A) is to the statutory language in effect when Vega was convicted in and sentenced by the District Court: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ."

"Felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). That same statute in turn defines "narcotic drug," § 802(17), "marihuana," § 802(16), "anabolic steroid," § 802(41), and "depressant or stimulant substance," § 802(9).

Vega's contention that N.J. Stat. § 2C:35-7 prohibited conduct involving flunitrazepam, GHB, and PCP, while 21 U.S.C. § 802's definition of "felony drug offense" does not include crimes involving those three drugs, fails plain error review because it is not supported by sufficient authority. *See United States v. Scott*, 14 F.4th 190, 198–99 (3d Cir. 2021). Vega bases his contention entirely on our statement in *Aviles* that N.J. Stat. § 2C:35-7 (the New Jersey statute at issue here) and N.J. Stat. § 2C:35-4 (another New Jersey statute, at issue only in *Aviles*) "each criminalize conduct involving at least one substance not covered by Section 841's definition of 'felony drug offense[.]'" 938 F.3d at 512. However, we made that statement in *Aviles* in passing, without any explication of the drugs encompassed by the New Jersey statutes and 18 U.S.C. § 802's complex definitions of "narcotic drugs," "marihuana," "anabolic steroids," and "depressant or stimulant substances."

The Government contends that the administrative delegation within the residual clause of the definition of "depressant or stimulant substance," 21 U.S.C. § 802(9)(D), refers to the Federal Schedules of Controlled Substances, 21 C.F.R. §§ 1308.11–.15, which in turn include flunitrazepam, GHB, and PCP.

4

As neither party points us to authority conducting that analysis, we do not detect plain error.

Vega next contends that N.J. Stat. § 2C:35-7 prohibited conduct involving positional isomers of cocaine, while 21 U.S.C. § 802's definition of "felony drug offense" does not include crimes involving positional isomers of cocaine. Rather than identifying a New Jersey statute or regulation that expressly criminalizes positional isomers of cocaine, he points to a single opinion of New Jersey's Superior Court, Appellate Division, stating that New Jersey criminalizes "all forms of cocaine." *State v. Cathcart*, 589 A.2d 193, 197 (N.J. Super. Ct. App. Div. 1991). *Cathcart*, however, dealt only with "L-cocaine," cocaine's natural form, and "D-cocaine," an optical isomer of that form. *See id.* at 195; *United States v. Bogusz*, 43 F.3d 82, 88–89 (3d Cir. 1994). Without clear authority stating that New Jersey criminalized positional isomers in 2001, Vega cannot prove plain error.

Vega finally contends that § 2C:35-7 prohibited conduct involving hemp, while § 802's definition of "felony drug offense" does not include crimes involving hemp. However, Vega acknowledges the fatal flaw with this argument: the Agriculture Improvement Act of 2018, which federally decriminalized hemp, was enacted on December 20, 2018, six days after Vega was sentenced. *See* Blue Br. at 16 n.8. Thus, hemp does not give Vega a categorical mismatch.

**B**

We review the District Court's application of a U.S.S.G. § 3B1.1(a) organizer or leader enhancement for clear error. *United States v. Thung Van Huynh*, 884 F.3d 160, 165

5

(3d Cir. 2018). And it was not clear error for the District Court to find that Vega was an organizer or leader, as evidence indicated that: several of the participants down the supply chain from Vega sold heroin together; Vega fronted heroin to those participants; once Vega was those participants' supplier, he was their sole supplier; and Vega facilitated the installation of a hidden compartment in one of their cars so they could more easily transport the heroin he sold them.

## C

We review the substantive reasonableness of Vega's within-guidelines sentence for abuse of discretion and presume that it is substantively reasonable. *United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014).

Vega fails to rebut that presumption. First, his argument that the District Court muddled its analysis of the "felony drug offender" question is subject to review on its own terms, on which we already concluded there was no plain error. We similarly consider on its own terms the Government's use of evidence against Vega that it agreed, in his co-defendant's proceeding, not to offer "at any further proceedings." Blue Br. at 29 n.11. Vega did not appeal the denial of his motion to suppress that evidence—the proper avenue for such a challenge—which would go to the validity of his conviction, not the reasonableness of his sentence. Finally, the fact that the First Step and Agriculture Acts amended the Controlled Substances Act one week after Vega was sentenced, in a way that would have at least reduced the mandatory minimum by five years, does not make Vega's sentence substantively unreasonable. Rather, it puts it more squarely in the bounds of what was reasonable at the time.

6

**III**

Because neither 21 U.S.C. § 841(b)(1)(A)'s twenty-year mandatory minimum based on a prior conviction for a "felony drug offense," nor U.S.S.G. § 3B1.1(a)'s four-level leader or organizer enhancement, are plainly erroneous to apply to Vega's sentence, and his sentence is substantively reasonable, we will affirm.