**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1221

_____

UNITED STATES OF AMERICA

v.

LAMAR BROWN,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:02-cr-00083-001)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 14, 2024

Before: BIBAS, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*

(Filed: April 17, 2024)

_____

OPINION*

_____

**BIBAS**, *Circuit Judge*.

Lamar Brown was convicted of trafficking crack cocaine in 2002. Because he had three

prior felony drug convictions, the Sentencing Guidelines mandated a life sentence. The

---

\*  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

District Court imposed that sentence. Then the First Step Act retroactively lowered sentences for some drug offenders. Pub. L. No. 115-391, §404(b), 132 Stat. 5194, 5222 (2018). So in 2019, the District Court reduced his sentence to time served plus eight years' supervised release. He walked out of prison.

But Brown did not change his ways. During his first eighteen months on supervised release, he was arrested and charged three separate times for drug trafficking. He pleaded guilty to those new charges and was sentenced to two to five years in state prison.

At a federal hearing, Brown again admitted these violations. So the District Court revoked his supervised release and sentenced him to thirty-six months in prison, the top of his Guidelines range. It also made that sentence consecutive to his new state sentence.

Brown now appeals, challenging this sentence as both procedurally and substantively unreasonable. We review both issues for abuse of discretion. *United States v. Handerhan*, 739 F.3d 114, 119 (3d Cir. 2014). In reviewing procedural reasonableness, we ask if the district court committed a "significant procedural error." *Id.* (internal quotation marks omitted). And because Brown never objected to procedural reasonableness, any such error would also have to satisfy *Olano*'s plain-error test. *United States v. Olano*, 507 U.S. 725, 731–32 (1993). But there was no error, let alone plain error.

As for procedure, Brown first argues that the District Court improperly considered the seriousness of his prior drug-trafficking convictions. He says the court was not allowed to take that into account because the supervised-release statute does not list it. 18 U.S.C. §3583(e) (omitting "seriousness of the offense" under §3553(a)(2)(A) from its cross-references). This objection misses the mark. Because Brown repeatedly trafficked serious

2

drugs right after release, his conduct suggested that he had not been deterred and still threatened public safety. Thus, the District Court reasoned that "a sentence within the guideline range is appropriate in order to provide adequate community protection and deterrence." JA 27. And the statute *does* list deterrence and public safety as permissible considerations for supervised release. § 3583(e) (cross-referencing § 3553(a)(2)(B), (C)). Considering these factors was proper.

Next, Brown claims that the District Court did not fully explain its rationale for the thirty-six-month sentence. Not so. A sentencing court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (internal quotation marks and emphasis omitted). The record here does that. At sentencing, the District Court said it "ha[d] considered the factors listed in 18 [U.S.C.] Section 3553." JA 27. As noted, it expressly weighed deterrence and incapacitation. And it reasoned that "Brown hasn't just failed to adjust, he's reoffended again and again[,] leading to a sentence in [state court] and now to a revocation petition here." *Id.* That was more than enough explanation.

Third, Brown says the court did not adequately consider his arguments for a lower sentence. But it did. At sentencing, Brown explained the challenges he had faced upon reentering society, and his lawyer noted that he suffered from PTSD. The judge considered and weighed these arguments carefully, stating: "I'm no stranger to the challenges of reentry. I deal with it every day. … I understand PTSD. I understand what it's like for an aging person to come out into the community and start over …." JA 26. Only after that did the court reject his plea for a below-Guidelines sentence.

Fourth, Brown argues that his new federal sentence should run concurrently with his state one. Again, though, the court considered and reasonably rejected that argument. The Guidelines instruct that sentences for violations of supervised release should run consecutively. U.S.S.G. § 7B1.3(f). And as noted, after considering the factors discussed above, the court did not "think that a below guideline range sentence is appropriate under all of the circumstances." JA 27. That also was explanation enough.

Brown's sentence was substantively reasonable too. It was within the Guidelines range, so we may presume it reasonable. *Handerhan*, 739 F.3d at 119–20. And "we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Brown's sentence easily clears that low bar. In his first year and a half on supervised release, Brown trafficked drugs three more times. Given his immediate, repeated reoffending, the District Court reasonably found a within-Guidelines sentence necessary to deter him and protect the public from his potential future crimes. Because his sentence was both procedurally and substantively reasonable, we will affirm.