**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1904
_____

UNITED STATES OF AMERICA

v.

BLAINE R. HANDERHAN,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-10-cr-00298-001)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2019
Before:  CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 4, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Blaine Handerhan appeals from the order of the District Court denying his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). We will affirm.

I.

Handerhan is a former police officer who pleaded guilty in 2011 to possessing child pornography. The District Court sentenced him to 96 months in prison followed by 10 years of supervised release. Handerhan challenged his sentence on direct appeal, but we affirmed. See United States v. Handerhan, 739 F.3d 114, 125 (3d Cir. 2014). Handerhan later raised numerous other challenges to his conviction and sentence, including under 28 U.S.C. § 2255, but those proved unsuccessful. (C.A. Nos. 14-4120, 15-3714, 16-3170, 17-3269 & 18-1171.)

At issue here is a motion that Handerhan filed under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 601(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before the First Step Act, a District Court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Section 601(b) of the First Step Act amended § 3582(c)(1)(A) to allow prisoners (after exhausting administrative remedies) to file motions for relief under that statute as well.

That statute permits a District Court to reduce sentences (including terms of supervised release) on the ground that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling

2

reasons" are in turn defined by the commentary to policy statement U.S.S.G. § 1B1.13.

See United States v. Barberena, 694 F.3d 514, 521 n.10 (3d Cir. 2012). That commentary

currently lists four categories of such reasons: (1) the defendant's medical condition; (2)

the defendant's age; (3) the defendant's family circumstances; and (4) "other reasons" as

determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1.[1]

In this case, Handerhan argued that he warranted a reduction in sentence and

alteration of his term of supervised release because the District Court committed various

errors at sentencing, including by miscalculating his Guidelines range and by allowing an

allegedly unprepared substitute counsel to represent him. After Handerhan filed his

motion, the District Court appointed counsel for him but later allowed counsel to

withdraw. Handerhan then filed what he titled a motion for summary judgment. The

District Court denied Handerhan's motions on the ground that his arguments stated

potential grounds for relief only on direct appeal or under § 2255 and not under §

3582(c)(1)(A)(i). Handerhan appeals.

II.

---

[1] This definition appears in the commentary to the 2018 version of § 1B1.13. The Sentencing Commission has not yet amended § 1B1.13 or its commentary to account for the First Step Act. In the meantime, the District Courts are divided on whether and how to apply the catch-all "other reasons" category and its reference to determinations made by the Director. See, e.g., United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019) (noting conflicting authority). We need not address that issue in light of our disposition.

We will affirm.[2]  Handerhan, in his sole argument on appeal, asserts without explanation that the District Court applied the "wrong statute" by referencing the First Step Act rather than § 3582(c)(1)(A).  That argument is frivolous.  As explained above, and as Handerhan expressly stated in his motion, he sought relief under § 3582(c)(1)(A)(i) as amended by the First Step Act.  Thus, the District Court referred to the current version of § 3582(c)(1)(A)(i) and then quoted the applicable commentary.  The District Court did refer in passing to a different provision of the First Step Act, but it did so only by way of noting that Handerhan was not entitled to relief under that section either.[3]  The District Court ultimately concluded that Handerhan's arguments stated potential grounds for relief only on direct appeal or under § 2255 and not under § 3582(c)(1)(A).

---

[2] Handerhan was released from prison after he filed this appeal, but this appeal is not moot because he challenges his term of supervised release.  Thus, we have jurisdiction under 28 U.S.C. § 1291.  We do not appear to have adopted a standard of review for rulings on motions filed under § 3582(c)(1)(A).  We need not do so in this case because we would affirm under any standard.

[3] The District Court noted that "[t]he First Step Act does not reduce the statutorily authorized sentences for the crime of conviction here, possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B)."  (Dist. Ct. Op. at 4.)  The District Court appears to be referring to Section 404 of the First Step Act, which authorizes reductions in sentences for certain cocaine offenses subject to the Fair Sentencing Act.  See United States v. Hegwood, — F.3d —, No. 19-40117, 2019 WL 3729590, at *2-3 (5th Cir. Aug. 8, 2019).  Handerhan did not and does not seek relief under that provision, but the District Court correctly noted that it does not apply to his crime of conviction.

4

Handerhan does not challenge or even mention that conclusion, so we have no occasion to address it.  We note, however, that § 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity.  The terms of neither the statute nor its policy statement provide for release on the basis of arguments like Handerhan's that were or could have been raised on direct appeal or in a § 2255 motion, let alone for defendants like Handerhan who already have completed a § 2255 proceeding and who are subject to the restrictions on filing second or successive § 2255 motions.  See 28 U.S.C. § 2255(h).  Thus, we question whether an alleged sentencing error that was correctible in prior proceedings could ever be an "extraordinary and compelling reason" for release under § 3582(c)(1)(A)(i).  Handerhan has not challenged the District Court's conclusion to that effect, however, so we need not decide that issue.

One final issue warrants discussion.  District Courts may also reduce sentences on the basis of certain amendments to the Sentencing Guidelines.  See 18 U.S.C. § 3582(c)(2).  In his § 3582(c)(1)(A) motion below, Handerhan referenced Amendment 801, by which the Sentencing Commission clarified the mens rea required to trigger an enhancement for distributing child pornography under U.S.S.G. § 2G2.2(b)(3).  See United States v. Cates, 897 F.3d 349, 358 (1st Cir. 2018).

Handerhan did not argue that he was entitled to relief under § 3582(c)(2) on the basis of Amendment 801 or make any showing that Amendment 801 applies to him.  He also has not raised that issue or even mentioned Amendment 801 on appeal.

5

Nevertheless, to the extent that Handerhan's motion could be construed as one under § 3582(c)(2), we note that Handerhan is not eligible for relief under that provision because the Commission has not made Amendment 801 retroactive for purposes of § 3582(c)(2) by listing it in U.S.S.G. § 1B1.10(d) (formerly § 1B1.10(c)). See United States v. Wise, 515 F.3d 207, 221 & n.11 (3d Cir. 2008); U.S.S.G. § 1B1.10(a).

III.

For these reasons, we will affirm the judgment of the District Court.