NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2528
_____

UNITED STATES OF AMERICA,

v.

JOSE MIGUEL BORBON
a/k/a Jose-Borbon Vargas
a/k/a Jose Borbon Vargas,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-19-cr-00004-001)
District Judge: Robert B. Kugler

_____

Submitted under Third Circuit L.A.R. 34.1(a)
January 17, 2020

Before: HARDIMAN, PORTER, and PHIPPS, *Circuit Judges*.

(Filed: January 21, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Jose Borbon appeals his 57-month prison sentence for one count of illegal re-entry. *See* 8 U.S.C. § 1326(a), (b)(2). Borbon pled guilty to that offense but raised several objections to receiving a sentence within the range recommended by the United States Sentencing Guidelines, which was 57-71 months. Before imposing the sentence, the District Court resolved those objections, including Borbon's request for credit for time that he served in state custody for separate drug-trafficking offenses. That request was based on an application note in the Guidelines explaining that, in certain immigration contexts, a district court "may consider whether a departure is appropriate to reflect all or part of the time served in state custody." U.S.S.G. § 2L1.2, Appl. Note 7 (2018). Citing that application note, Borbon argued that he should receive credit for his time in state custody because, although it could have done so earlier, the federal government did not prosecute him for illegal re-entry until after he completed his state sentence. The District Court discussed but did not specifically rule on Borbon's request, one way or the other, before sentencing him to 57 months in prison.

Borbon now appeals, arguing that in imposing the sentence, the District Court committed procedural errors and incorrectly denied his request for credit for time served. As a challenge to a final order and to a sentence, this Court has jurisdiction over Borbon's appeal. *See* 28 U.S.C. § 1291; 18 U.S.C. § 3742(a). For the reasons set forth below, we will affirm.

# I

On appeal, Borbon attacks the procedural reasonableness of his sentence on two grounds. First, he argues that the District Court erred by believing that it had no discretion to reduce the sentence based on his time in state custody. Second, he contends that the District Court erred by failing to consider adequately the factors in 18 U.S.C. § 3553(a).

Because Borbon did not raise those objections before the District Court, they are reviewed under the plain error standard. While there are several prerequisites to prevailing under plain error review, the first of those requires an error by the District Court. *See* Fed. R. Crim. P. 52(b); *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018); *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). Neither of Borbon's contentions clears that initial hurdle.

Borbon's first argument is premised upon one statement by the District Court at the sentencing hearing. There, the District Court remarked that "Congress has set forth the law [and] has provided serious penalties for violation of this law and the law that I need to enforce and must enforce." App. at 88 (22:9-12). From that expression, Borbon contends that the District Court mistakenly understood that it had no discretion to reduce Borbon's sentence to account for time that he served in state custody for the separate drug trafficking offenses. But that statement arose during a discussion of the § 3553(a) factors, specifically the need for the sentence to deter the public from committing this crime. And at other points in the proceeding, the District Court also made clear its awareness that the Guidelines are non-binding in the Court's sentencing decision and

3

specifically with respect to the credit for time in state custody.  *See, e.g.*, App. at 73 (the District Court seeking argument from Borbon's counsel on the requested credit).  For these reasons, the challenged statement by the District Court does not demonstrate an erroneous understanding of the court's authority and does not constitute an error.

In his second attack on the procedural reasonableness of the sentence, Borbon contends that the District Court erred by ignoring Application Note 7, *see* U.S.S.G. § 2L1.2, Appl. Note 7, in its § 3553(a) analysis.  But the record demonstrates that through a back-and-forth discussion with Borbon's counsel, the District Court did consider Application Note 7 and the possibility of a reduced sentence due to Borbon's time in state custody.  *See* App. at 73-76 (sentencing transcript).  Afterwards, the District Court explained its rationale for the sentence, and nothing further is required.  *See Rita v. United States*, 551 U.S. 338, 356-57 (2007); *United States v. Friedman*, 658 F.3d 342, 359 (3d Cir. 2011).

II

Borbon challenges the substantive reasonableness of his sentence on similar grounds.  He asserts that the District Court erred by failing to credit him for the time that he served in state custody.  But appellate review of the substantive reasonableness of a sentence is very deferential, and procedurally sound sentences are affirmed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

4

Borbon's challenge cannot meet that standard. His sentence is within the Guidelines range – at the very bottom of the recommended range – and that qualifies for a presumption of reasonableness. *See Rita*, 551 U.S. at 346-47 (concluding that a court of appeals may apply a presumption of reasonableness to a within-Guidelines sentence); *United States v. Handerhan*, 739 F.3d 114, 119-20 (3d Cir. 2014) ("If the sentence is within the applicable Guidelines range, we may presume that the sentence is reasonable."). Nor is it unreasonable to refuse to reduce a criminal defendant's sentence for time served *for a separate offense*. Accordingly, the District Court did not abuse its discretion in sentencing Borbon. *See Tomko*, 562 F.3d at 567 (reviewing the substantive reasonableness of a sentence under an abuse of discretion standard); *Handerhan*, 739 F.3d at 124 (same).

III

For the foregoing reasons, we will affirm Borbon's judgment of sentence.