**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 19-1837
———————————

UNITED STATES OF AMERICA

v.

KEITH HAKIM HARDING,
                                            Appellant
———————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:16-cr-00019-011)
District Judge: Honorable Matthew W. Brann
———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
On January 30, 2020

Before: CHAGARES, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: January 31, 2020)
———————————

OPINION*
———————————

BIBAS, *Circuit Judge*.

While on state parole for attempted murder, Keith Harding pleaded guilty to a federal

drug-trafficking conspiracy. Knowing that Pennsylvania would likely revoke his parole

and recommit him for the remainder of his sentence, the District Court imposed a federal

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

prison sentence consecutive to any state parole-revocation sentence. Harding argues that the District Court should have made his federal sentence concurrent to the anticipated state sentence. But as he admits, district courts have the discretion to run convicted defendants' sentences consecutively to anticipated state sentences. And Harding's criminal history more than justified the Court's decision to do that here. So we will affirm.

\* \* \* \* \*

In 2004, Harding was convicted of attempted murder. After a man bumped into Harding while walking down the street, Harding gave his friend a submachine gun and urged him to shoot the man. So the friend did, spraying a Philadelphia street with bullets. Fortunately, the man survived. After a bench trial, a Pennsylvania state judge convicted Harding and sentenced him to ten to twenty years in prison. Ten years later, Pennsylvania paroled him. But under state law, Pennsylvania could revoke Harding's parole and return him to prison for the remainder of his sentence if he committed another crime. *See* 61 Pa. Cons. Stat. §6138(a)(1) (providing that a parolee found guilty of another crime "may at the discretion of the [parole] board be recommitted as a parole violator").

While on parole, Harding soon became a leader in a widespread drug-trafficking network that stretched from Philadelphia to southern New Jersey and north-central Pennsylvania. He and his coconspirators used cell phones to connect customers with sellers and send mass text messages to alert customers when more heroin was available. After his arrest, Harding pleaded guilty to conspiracy with intent to distribute.

At sentencing, Harding sought a lower prison sentence on two grounds. First, he argued that he was neither an organizer nor a leader of the conspiracy. *See* U.S.S.G. §3B1.1(a).

2

The District Court overruled this objection, and Harding does not appeal that decision. The Court then calculated his Sentencing Guidelines range as 151 to 188 months in prison.

Second, Harding asked the Court to make his sentence concurrent with his anticipated state parole-revocation sentence. The District Court rejected that request too. It sentenced him to 151 months in prison, to run "consecutive to the state parole revocation sentences imposed, or to be imposed," by the Pennsylvania courts. App. 40. It did so because of Harding's "significant criminal history," including the severity of his conviction for attempted murder. App. 22.

Harding now appeals, challenging the District Court's decision to run his federal sentence consecutively to his state sentence. He argues that imposing the federal sentence on top of his anticipated state sentence will make it "extreme [in the] aggregate" and thus substantively unreasonable. Appellant's Br. 12. We review for abuse of discretion. *United States v. Handerhan*, 739 F.3d 114, 119 (3d Cir. 2014). We find none for three reasons.

First, as Harding concedes, the District Court had the "discretion to order that [his federal] sentence run consecutively to his anticipated state sentence in the probation revocation proceeding." *Sester v. United States*, 566 U.S. 231, 244 (2012); *see* Appellant's Br. 11. That discretion is broad, as long as the District Court considers the ordinary sentencing-reasonableness factors to ensure that the anticipated aggregate sentence will "achieve a reasonable incremental punishment" and "avoid unwarranted disparity." U.S.S.G. § 5G1.3 cmt. n.4(A) (citing 18 U.S.C. §§ 3553(a), 3584).

Second, the District Court properly applied those criteria to the facts. It noted Harding's "significant criminal history," emphasizing his attempted-murder conviction. App. 22. And

it found the sentence necessary to deter crimes and incapacitate Harding. That finding makes sense too, especially because Harding committed this crime not long after his release from state prison and while still on parole. Plus, the District Court offset some of the harshness of a consecutive sentence by imposing a sentence at the bottom of the Guidelines range.

Finally, even if the District Court had run its sentence concurrently, state law would require Harding to finish his federal sentence first. Under Pennsylvania law, a parolee "sentenced to serve a new term of total confinement by a Federal court … shall serve the balance of the original [paroled] term *before* serving the new term." 61 Pa. Cons. Stat. § 6138(a)(5.1) (emphasis added). So even if the District Court had imposed a concurrent sentence, it would have done Harding no good. Either way, he would not be able to start serving his anticipated state sentence until after he finishes his federal sentence.

\* \* \* \* \*

The District Court had the discretion to make Harding's federal sentence consecutive to his anticipated state sentence. And in exercising that discretion, it properly considered Harding's serious criminal record. Because we find no abuse of discretion, we will affirm.

4