**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2122
_____

UNITED STATES OF AMERICA

v.

ERIC HARDING,
                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:16-cr-00019-022)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On January 30, 2020

Before: CHAGARES, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: February 3, 2020)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Eric Harding pleaded guilty to conspiring to distribute heroin and waived his right to

appeal unless his sentence exceeded ten years in prison. The District Court sentenced him

to nine years. Still, he appealed pro se. His court-appointed counsel has filed an *Anders*

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

brief and moved to withdraw, arguing that any appeal would be frivolous. *See* 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)). After reviewing the briefs and the record, we agree. So we will affirm Harding's judgment of conviction and grant counsel's motion to withdraw.

\* \* \* \* \*

The *Anders* brief shows that counsel thoroughly reviewed the record for arguably appealable issues and explained why each would be frivolous. So it is "adequate on its face." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). We must still review the record ourselves, but the facially adequate brief guides us. *Id.* Our review confirms that each of the four issues identified in the *Anders* brief is frivolous.

First, there is no question of jurisdiction. The District Court had jurisdiction over this federal drug crime under 18 U.S.C. § 3231.

Second, Harding's guilty plea was knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 748 (1970). After questioning and observing Harding, the District Court found him competent to plead. Its colloquy then tracked Federal Rule of Criminal Procedure 11(b), which requires judges to warn defendants of the rights they will forfeit and the risks they will take by pleading guilty. In doing so, the Court told Harding the statutory minimum and maximum sentences that he faced. *See* Fed. R. Crim. P. 11(b)(1)(H)–(I). The Court also warned Harding that he was waiving his right to appeal if he received a sentence of ten years or less. The Government then summarized the plea agreement and recited in detail the facts that it would prove at trial. Harding admitted the key facts, establishing an

adequate factual basis for his plea. Both in his plea agreement and at his colloquy, Harding was represented by counsel and said he was satisfied with counsel's performance.

The only wrinkle is that a later-enacted statute lowered the sentencing range for Harding's crime. After Harding pleaded guilty but before he was sentenced, the First Step Act of 2018 went into effect. Pub. L. No. 115-391, 132 Stat. 5194. Because Harding had received only probation for a prior state drug conviction, the Act provided that a recidivist-drug-offender enhancement no longer applied to him. *See id.* §401(a)(1), (2)(B), 132 Stat. at 5220–21 (codified at 21 U.S.C. §§802(57), 841(b)(1)(B)); *see also id.* §401(c), 132 Stat. at 5221 (applying the Act's changes retroactively "if a sentence for the offense has not been imposed as of [the] date of enactment"). So the Act lowered his mandatory-minimum prison sentence from ten to five years and his mandatory supervised-release term from eight to four years. 21 U.S.C. §841(b)(1)(B) (as amended). It also lowered his maximum prison sentence from life to forty years. *Id.*

But the Act did not invalidate Harding's guilty plea. A defendant's plea need only be knowing, not prophetic. It "is not subject to later attack" when the defendant is "correctly advised … with respect to the then existing law as to possible penalties," but later changes in the law lower the "penalty for the crime in question [below what] was reasonably assumed at the time the plea was entered." *Brady*, 397 U.S. at 757.

Third, the appeal waiver is enforceable. The Court explained it to Harding at his plea colloquy, and he responded that he knew he was waiving his right to appeal. Nothing in the record casts doubt on Harding's knowing, voluntary decision to enter the plea agreement and accept its appeal waiver. So the waiver is valid. *See United States v. Khattak*, 273

3

F.3d 557, 563 (3d Cir. 2001). Enforcing it would not work a miscarriage of justice. *See id.* And because his sentence fell below the waiver's ten-year ceiling, the waiver bars any challenge to his conviction or sentence.

Fourth, even if we could review Harding's sentence, it was procedurally and substantively proper and not an abuse of discretion. *See United States v. Handerhan*, 739 F.3d 114, 119 (3d Cir. 2014). The Court properly computed the Guidelines range, considered Harding's motion for a departure, weighed the statutory sentencing factors, ruled on objections in line with the parties' stipulation, and heard from counsel and Harding himself. And the Court followed the procedures required by Federal Rule of Criminal Procedure 32. So the sentence was procedurally proper. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). The sentence was also substantively reasonable, reflecting Harding's criminal history, the severity of the crime, and the other factors required by 18 U.S.C. § 3553(a). Plus, the sentence fell within the range to which Harding had stipulated.

\* \* \* \* \*

After double-checking the record for ourselves, we are satisfied that counsel has examined the record conscientiously for appealable issues. And we agree that any appeal would be frivolous. So we will affirm Harding's conviction and sentence, grant counsel's motion to withdraw, and excuse counsel from petitioning for rehearing or for a writ of certiorari. *See* 3d Cir. L.A.R. 35.4, 109.2(a)–(b).