UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2174
_____

UNITED STATES OF AMERICA

v.

LAVON CALDWELL,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-18-cr-00041-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 14, 2020
_____

Before: JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Opinion Filed: February 10, 2020)

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

On May 8, 2019, following Appellant Lavon Caldwell's guilty plea for possession of a weapon while incarcerated, the District Court sentenced him to 12 months' imprisonment. Caldwell appeals that sentence on the grounds that the District Court failed to consider and apply the sentencing factors enumerated in 18 U.S.C. § 3553(a). The record, however, shows the contrary, and we will affirm.

I. **BACKGROUND**

On March 7, 2017, correctional officers conducted a pat-down search of Caldwell. During that search, the officers found two wooden shanks of approximately six and seven inches long on Caldwell's person. A grand jury subsequently indicted Caldwell for possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2). Caldwell pled guilty to that offense, and the Pre-Sentence Investigation Report ("PSR") calculated his guideline range as 18 to 24 months. PSR ¶ 56.

The District Court sentenced Caldwell to 12 months' imprisonment. At the sentencing hearing, the District Court considered granting a downward departure pursuant to § 5K2.0, and it discussed the § 3553(a) factors. In favor of entering a below-guidelines sentence, the District Court noted Caldwell's difficult childhood, his physical

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

and mental illnesses, his participation in various self-improvement programs, and his relatively few instances of prison misconduct. Although the District Court did not discuss each of the § 3553(a) factors in detail, it expressly noted that it had considered all of them. The District Court then imposed a sentence of 12 months' imprisonment to run consecutively to his previous sentence.

Caldwell then requested that the Court increase his sentence by one day, which would make him eligible for nearly two months of time credits, effectively lowering his sentence by two months.[1] Acknowledging that it had "anticipated . . . that request" and had given it "considerable thought," the District Court decided that "the full 12 months[] is the appropriate sentence." App. 21. Accordingly, the District Court denied Caldwell's request.

## II. STATEMENT OF JURISDICTION AND STANDARD OR REVIEW

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review a criminal sentence in "two stages." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). First, we review for procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly

---

[1] Under 18 U.S.C. § 3624(b), a prisoner serving a term of imprisonment of more than one year and less than life may be eligible for credit that would reduce the remaining time on the prisoner's sentence.

erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "If we find procedural error 'our preferred course is to remand the case for re-sentencing, without going any further.'" *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011) (quoting *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010)). Second, if we find no procedural error, we review for substantive reasonableness and will "affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 567. At both stages we review for abuse of discretion. *Negroni*, 638 F.3d at 443.

## III.    DISCUSSION

Caldwell makes both a procedural and a substantive challenge to his sentence. First, he argues that his sentence is procedurally unsound because the District Court did not properly weigh all seven § 3553(a) factors. Second, he contends that his sentence is substantively unreasonable because the sentence precludes him from earning credit towards service of his sentence. Neither argument is availing.

As to Caldwell's procedural challenge, we read the record differently than he does. Contrary to Caldwell's argument, the District Court stated explicitly that it considered "all seven factors as set forth at Title 18 of the United States Code at Section 3553(a)." App. 20. In fact, the District Court explained how the factors supported its ultimate

4

decision to grant Caldwell's motion for a downward departure, noting his "rehabilitative efforts, his generally mild prison conduct, and the other Section 3553 factors that I have mentioned." App. 20. Although the District Court did not make findings as to each factor, the case law in this Circuit is clear that the District Court did not need to do so. *See United States v. Handerhan*, 739 F.3d 114, 122–24 (3d Cir. 2014) (finding that the District Court did not commit procedural error in sentencing despite not discussing in detail all seven § 3553 factors). Accordingly, we find Caldwell's procedural challenge unconvincing.

As to Caldwell's substantive challenge, we disagree that a sentence of 12 months is unreasonable in comparison to a sentence of 10 months, which he effectively would have served, assuming good behavior, had he been sentenced to 12 months and a day. The only circumstance under which we would vacate a sentence for substantive reasons is if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011). Here, the sentence imposed by the District Court is entirely reasonable, and we find no basis to disturb it. This sentence does not amount to an abuse of discretion. The substantive challenge is therefore without merit.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the judgment of conviction imposed by the District Court.