NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 19-3260

———————————

UNITED STATES OF AMERICA

v.

KEVIN DCOSTA,
                            Appellant

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-18-cr-00603-001)
District Judge: Honorable Katharine S. Hayden

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Opinion filed:  September 14, 2020)

———————————

OPINION[*]

———————————

---

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Kevin D'Costa appeals his judgment of sentence after he pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we will affirm.

D'Costa was sentenced to 77 months' imprisonment based on an advisory Guidelines range of 77 to 96 months. D'Costa argues his sentence was substantively unreasonable. It was not.

We may presume a within-Guidelines sentence is reasonable. *See United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014). We will affirm "unless no reasonable sentencing court would have imposed the same sentence on [D'Costa] for the reasons the district court provided." *Id.* at 124 (citation and quotation marks omitted). A review of the record shows that the District Court did not abuse its broad discretion because it reasonably considered the 18 U.S.C. § 3553(a) factors and the circumstances of D'Costa's case. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

D'Costa claims the District Court did not give due consideration to his mitigating factors, such as his history of mental health issues and that he carried a firearm only for self defense. After hearing argument from both parties, the District Court explained that D'Costa deserved a sentence in the middle of the Guidelines range given his "persistent criminal conduct, the danger to the public of gun violence, . . . and the [self-medication] of marijuana, which [despite] having had the benefit of mental health treatment, mental health counseling, and even medication, [D'Costa] turned to as his remedy." App. 64. But after considering D'Costa's traumatic past, family support, and his attempts to turn his

2

life around, the District Court showed some leniency and imposed a bottom-of-the-Guidelines sentence.

The District Court considered D'Costa's mitigating factors, including his mental health. Although the Court might not have given his "mitigating factors the weight [D'Costa] contends they deserve," that does not render the sentence unreasonable. *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). A reasonable jurist could have given D'Costa the same sentence as the District Court for the reasons it provided. So D'Costa has not carried his "heavy burden of showing that a sentence within the applicable Guidelines range was substantively unreasonable." *United States v. Fountain*, 792 F.3d 310, 323 (3d Cir. 2015).

We will affirm D'Costa's judgment of sentence.