**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1650
_____

UNITED STATES OF AMERICA

v.

ALIA AL HUNAITY,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 1-18-cr-00723-001)
District Judge: Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 2, 2021

Before: KRAUSE, PHIPPS, and FUENTES, *Circuit Judges*.

(Filed: April 15, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

A federal jury in New Jersey convicted Alia Al Hunaity of three counts related to the forced labor of her Sri Lankan household assistant. The District Court sentenced Al Hunaity to 70 months' imprisonment, and in doing so, it denied Al Hunaity's motion for a downward departure to care for her ill child. *See* United States Sentencing Guidelines § 5H1.6. Al Hunaity appeals the judgment and sentence. She argues that the District Court erred at trial by permitting expert testimony on human trafficking and erred at sentencing by denying her motion for a downward departure. For the reasons below, we reject Al Hunaity's challenges, and we will affirm her conviction and sentence.

I

The victim in this case, a Sri Lankan citizen referred to as Mary, worked as a household assistant for Al Hunaity's parents for nine years in Jordan. During that time, Al Hunaity made overtures to Mary to come and work for her in Woodland Park, New Jersey. In return for performing the household chores and providing childcare for Al Hunaity's triplet sons, one of whom is afflicted with cystic fibrosis, Al Hunaity promised to send Mary to school and to pay her.

Those inducements coaxed Mary to travel to the United States in April 2009 to live with Al Hunaity's family. Although Mary came on a temporary 90-day visa, she performed a full array of household services and childcare chores for Al Hunaity for the next nine-and-a-half years – without compensation, without a day off, largely without health care, and without leaving the property unmonitored. To maintain Mary's servility, Al Hunaity threatened and scared her. In concealment of Mary's servitude, Al Hunaity –

2

who divorced from her husband in 2011 – orchestrated a sham same-sex marriage between herself and Mary in April 2018. A few months later, law enforcement received an anonymous tip that Mary was being held against her will.

Following an investigation, Al Hunaity was arrested, charged, convicted, and sentenced for her treatment of Mary. The three-count superseding indictment charged Al Hunaity with marriage fraud in violation of 8 U.S.C. § 1325(c); harboring an illegal alien for private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i); and forced labor in violation of 18 U.S.C. § 1589(a). After a seven-day trial, which included testimony from the Government's expert witness on human trafficking and forced labor, the jury returned guilty verdicts on all counts. At sentencing, Al Hunaity requested a downward departure to care for her ill child, *see* U.S.S.G. § 5H1.6, and the District Court, after acknowledging its authority to grant a downward departure, denied the request. The District Court then considered the factors in 18 U.S.C. § 3553(a) and sentenced Al Hunaity to 70 months' incarceration – the bottom of the Guidelines range for her offense level (27) and criminal history category (I). The sentence also required Al Hunaity to pay over $1.2 million in restitution for the years of forced labor (that sum also included $4,000 that Al Hunaity borrowed from Mary and did not repay).

Through a timely appeal, Al Hunaity invokes this Court's appellate jurisdiction to raise two challenges. *See* 18 U.S.C. §§ 3231, 3742(a); 28 U.S.C. § 1291. First, she contends that the District Court erred at trial by allowing the Government's expert to testify about human trafficking. Second, she argues that the District Court abused its

discretion at sentencing by denying her request for a downward departure under Section 5H1.6 of the Sentencing Guidelines. As explained below, those arguments lack merit.

II

On appeal, Al Hunaity argues that the Government's expert witness's repeated use of the term "human trafficking" poisoned the entire trial. But Al Hunaity did not raise that objection in District Court. Instead, through a pretrial motion in limine, Al Hunaity sought to prevent the expert's testimony as both impermissible evidence of her mental state and improper summarization of the Government's case. The District Court denied that motion and permitted the expert to "testify as to what human trafficking means and how it works in the general scheme of things" but not to give a summation. *See* Mot. Hr'g Tr. 7–8 (Supp. App. 1171–72). Consistent with that instruction, on direct examination, the expert testified only to general trends in human trafficking and forced labor – without opining on whether Al Hunaity had engaged in either. Al Hunaity's attorney did not object to that testimony as tainting the entire trial. Without specifically objecting on those grounds, Al Hunaity must overcome the four-part plain error standard on appeal. *See United States v. Iglesias*, 535 F.3d 150, 158 (3d Cir. 2008) (applying plain error review when no specific objection is made); *see generally United States v. Olano*, 507 U.S. 725, 736 (1993); *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020) (en banc).

Al Hunaity cannot prove the first plain-error prong – error. To establish error in the admission of expert testimony, a party must show that the trial court abused its discretion. *See United States v. Watson*, 260 F.3d 301, 306 (3d Cir. 2001). If general

4

background information on a specialized field would be helpful to the factfinder, an expert may provide such testimony, subject to the other rules of evidence. *See* Fed. R. Evid. 702 Advisory Comm.'s Note to 1972 Proposed Rules ("[A]n expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts."). On that basis, the District Court allowed the expert's testimony on the relationship between human trafficking, forced labor, isolation, and a climate of fear. In so doing, the District Court made clear that the expert was not testifying to specific facts of the case, but rather about "general trends." Trial Tr. 79–80 (Supp. App. 79–80). Admitting that general background information was not an abuse of discretion, and thus Al Hunaity cannot establish error as required by the plain error standard.

## III

While Al Hunaity offers an array of generalized complaints about her sentence, she sufficiently develops only one of those arguments. *See Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 145 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."). Specifically, she contends that the District Court erred by refusing her request for a downward departure.

But the Sentencing Reform Act, as codified and amended, limits appellate jurisdiction to only certain types of sentencing challenges. *See* 18 U.S.C. § 3742(a)(1)-(4) (setting forth four circumstances in which an appellate court has jurisdiction to review a defendant's challenge to a sentence). Due to those limitations, a defendant's challenge

to the denial of downward departure is unreviewable if the denial is based on the exercise of the court's discretion. *See United States v. Handerhan*, 739 F.3d 114, 122 (3d Cir. 2014) ("If the ruling was based on the district court's belief that a departure on the grounds proffered by the defendant was legally impermissible, we have jurisdiction . . . . By contrast, if the district court's ruling was based on an exercise of discretion, we lack jurisdiction." (citation omitted)); *United States v. Minutoli*, 374 F.3d 236, 239 (3d Cir. 2004) (explaining the "well-established" principle that appellate jurisdiction does not extend to "a district court's discretionary decision to refuse a downward departure . . . once we determine that the district court properly understood its authority to grant a departure."). Here, the District Court correctly recognized that it had discretion to grant a downward departure. And as an exercise of discretion, as opposed to an error of law, the District Court's denial of a downward departure falls outside the scope of appellate review.

* * *

For the foregoing reasons, we will affirm the judgment and sentence.