NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-2932 and 20-2933
_____

UNITED STATES OF AMERICA

v.

JOSE GONZALEZ,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 2-12-cr-00759-001 and 2-20-cr-00271-001)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2021
_____

Before:  GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*.

(Filed: January 31, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PHIPPS, *Circuit Judge*.

Jose Gonzalez worked as a self-employed personal trainer in New York City; he also dealt drugs on the side. The latter conduct led to two federal convictions, one for distributing and possessing with the intent to distribute less than five grams of heroin, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and another for conspiring to burglarize pharmacies of controlled substances, *see* 18 U.S.C. § 2118(d). For those crimes, he received prison sentences, followed by concurrent three-year terms of supervised release, which began upon his release from prison in 2017.

Gonzalez's supervised release did not go well. He was charged with state-law misdemeanors related to a physical altercation he had with a doorman at his ex-girlfriend's apartment building. Although those charges were later dropped, Gonzalez's probation officer still considered that conduct to have violated the conditions of his supervised release. And that was not his only violation of those conditions. He also tested positive for cocaine and marijuana use, and he failed to attend required substance abuse treatment. Twice he did not timely report to his probation officer, and on other occasions he did not follow the officer's instructions or respond to the officer's inquiries. He also impermissibly left New Jersey to train a client in New York, violating the COVID-19 stay-at-home orders issued by those states in the process.

To address those issues, the District Court held a revocation hearing. There, Gonzalez admitted to two violations: one for his refusal to submit to required drug treatment and another for his failure to follow his probation officer's instructions. Under

2

the Sentencing Guidelines, those constitute Grade C violations, *see* U.S.S.G. § 7B1.1(a)(3), and when coupled with Gonzalez's criminal history category of III, they yield a sentencing range of five to eleven months' imprisonment, *see id.* § 7B1.4(a). After hearing arguments from Gonzalez and the prosecutor, the District Court revoked Gonzalez's supervised release, considered the factors in 18 U.S.C. § 3553(a), and sentenced Gonzalez to two concurrent terms of eight months' imprisonment – to be followed by another year of supervised release – all as a result of his two admitted violations of the conditions of his supervised release.

Through a timely appeal of that sentence, Gonzalez invoked this Court's appellate jurisdiction. *See* 18 U.S.C. § 3742(a). He now argues that his within-Guidelines sentence was substantively unreasonable. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc); *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). As he sees it, the District Court abused its discretion in determining his punishment by not properly accounting for three mitigating factors: the alleged heightened risk that COVID poses to him in prison due to his medical condition, thrombocytopenia; the interruption that imprisonment will cause to his personal training business; and his "strong support network" consisting of his mother and clients. Appellant's Br. 14. Had the District Court properly considered those factors, he contends, it would have eschewed imprisonment altogether and imposed a noncustodial sentence.

But the District Court did consider those factors, and a lengthy explanation is not necessary to justify a within-Guidelines sentence. *See Chavez-Meza v. United States*,

3

138 S. Ct. 1959, 1964 (2018). Moreover, a within-Guidelines sentence may be presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007) (permitting appellate courts to presume that within-Guidelines sentences are reasonable); *United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014) ("If the sentence is within the applicable Guidelines range, we may presume that the sentence is reasonable." (citing *Rita*, 551 U.S. at 350–51)). Here, where the District Court carefully considered Gonzalez's circumstances and provided a detailed explanation for his sentence, the presumption of reasonableness applies, and Gonzalez's three counterarguments do not demonstrate that his sentence was unreasonable.

First, as to the supposed increased risk that Gonzalez faces from COVID, Gonzalez's one proffered medical article does not conclude that thrombocytopenia increases one's risk of contracting or becoming severely ill from COVID. And, as the District Court noted, thrombocytopenia had not been identified by the Centers for Disease Control and Prevention as a risk factor for COVID. Nor did Gonzalez explain how COVID would pose a greater risk to him in prison, as opposed to on supervised release. For these reasons, Gonzalez's COVID concerns do not render his within-Guidelines sentence unreasonable.

Second, the interruption to Gonzalez's work does not constitute unreasonableness. The District Court complimented Gonzalez as "apparently a phenomenal physical or personal trainer" who was "willing to work." Sentencing Tr. at 29:19–20, 25 (JA 50). But even that favorable assessment does not liberate Gonzalez from his "responsibilities

4

. . . under supervised release." *Id.* at 32:20 (JA 53).  Thus, consequences for Gonzalez's business do not make his within-Guidelines sentence unreasonable.

Third, Gonzalez's support network does not render his within-Guidelines sentence unreasonable.  Although the District Court recognized that "it means a lot that [Gonzalez's mother and clients went] to court to support [him] in the middle of a pandemic," *id.* at 34:13–14 (JA 55), an eight-month prison sentence was still reasonable due to Gonzalez's troubling pattern of behavior and lack of respect for the terms of his supervised release.

In sum, the District Court meaningfully considered Gonzalez's arguments.  Its imposition of a within-Guidelines prison sentence for his violations of the conditions of his supervised release was not an abuse of discretion, and we will affirm the judgment of conviction.