**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1552
_____

UNITED STATES OF AMERICA

v.

RAFAEL CABRERA,
                              Appellant
_____

On appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:13-cr-00048-001)
Chief U.S. District Judge: Honorable Mark R. Hornak
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 20, 2023

Before: KRAUSE, BIBAS, and MATEY, *Circuit Judges*

(Filed: June 21, 2023)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Rafael Cabrera was caught with roughly 700 bricks of heroin. He was later convicted

of conspiring to distribute at least 100 grams of a mixture containing heroin under 21

U.S.C. §§ 841(b)(1)(B)(i), 846. Though the conviction was straightforward, his sentencing

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

has been circuitous. This appeal is his third. Now he says the District Court erred by (1) counting two prior local-ordinance violations toward his criminal-history score and (2) failing to consider and apply all the sentencing factors. Both arguments fail.

We review the District Court's findings of fact for clear error and a sentence's reasonableness for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 564–65, 567–68 (3d Cir. 2009) (en banc).

*First*, the two prior convictions were properly counted. Under §4A1.2(c)(2) of the Sentencing Guidelines, local-ordinance violations do not count toward a defendant's criminal-history score. Cabrera simply asserts that his prior convictions were for local violations. But he has no evidence to back up that assertion. The government, on the other hand, has produced Cabrera's court records. Those documents reveal that he was convicted of state crimes. For the first conviction, he pleaded guilty to "wandering/prowling to obtain/sell [a controlled dangerous substance]" under N.J. Stat. §2C:33-2.1(b). Supp. App. 43. And for the second, he pleaded guilty to "obstructing the administration of law" under N.J. Stat. §2C:29-1(a). Supp. App. 44. Because neither conviction was under a local ordinance, Cabrera's only challenge to them fails. Plus, the Guidelines count at most four prior convictions with short sentences toward a criminal-history score. U.S.S.G. §4A1.1(c). But he had six. Either way, he would get four criminal-history points.

*Second*, Cabrera's sentence was reasonable. Cabrera frames his argument as one about substantive reasonableness. But he argues that the District Court ignored his arguments and the sentencing factors. Those claims go to the sentence's *procedural* reasonableness. *See United States v. Flores-Mejia*, 759 F.3d 253, 256–57 (3d Cir. 2014) (en banc). Yet Cabrera

forfeited any procedural-reasonableness objection below. In any event, the District Court properly considered the sentencing factors and Cabrera's arguments, even if it did not list them one by one. *See* JA 223–31; *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). So it did not err, let alone plainly.

Nor was the sentence substantively unreasonable. The District Court imposed a sentence twenty-eight months below the bottom of Cabrera's Guidelines range. We may presume that a below-Guidelines sentence is reasonable. *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014). Cabrera has neither rebutted that presumption nor explained why "no reasonable sentencing court would have imposed" his sentence. *Tomko*, 562 F.3d at 568. Because the District Court neither erred nor abused its discretion, we will affirm.