**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1055

_____

UNITED STATES OF AMERICA

v.

EDWIN TORRES,
a/k/a Macho Torres,
            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:22-cr-00350-001)
District Judge: Honorable Karen M. Williams

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2023

Before: BIBAS, PORTER, and FISHER, *Circuit Judges*

(Filed: December 14, 2023)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

　　Possessing child pornography is a serious crime warranting a serious sentence; sharing

it is even worse. Edwin Torres was caught with more than a hundred child-porn videos,

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

three of which he shared. Some of the children shown performing sex acts were preteens; others were as young as six to nine. He pleaded guilty to possession. The Probation Office recommended:

- a base offense level of 18
- plus an enhancement for using a computer +2
- plus an enhancement for images involving children under 12 +2
- plus an enhancement for at least 600 images (because each video counts as 75 images) +5
- plus an enhancement for distributing images +2
- plus an enhancement for images involving sadism, masochism, or violence +4

Adjusted offense level: 33

U.S.S.G. §2G2.2(a)(1), (b)(2), (b)(3)(F), (b)(4)(A), (b)(6), (b)(7)(D) & n.6(B)(ii).

Torres did not contest the enhancements for distribution or violence. But he did dispute the other three and sought a downward variance. The District Court agreed that the computer enhancement was duplicative but kept the ones for age and quantity. So it varied the offense level downward two levels to 31. With a criminal history category of II and a three-level reduction for accepting responsibility, his range was 87 to 108 months. The court sentenced him in the middle of that range, to 96 months. He now appeals, challenging only the sentence's substantive reasonableness. Even though it is below the advisory Guidelines range, he claims it is too harsh. But it is not.

Our review is very deferential. We review a sentence's substantive reasonableness for abuse of discretion. *United States v. Handerhan*, 739 F.3d 114, 119 (3d Cir. 2014). We may presume that sentences within the Guidelines range are reasonable. *Id.* at 119–20. We

2

will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Torres criticizes the child-porn Guideline, claiming that it is not based on empirical data or expertise and that the enhancements apply in almost every case. But a court need not independently analyze a Guideline's empirical or deliberative basis. *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009). And the sentencing court made its own judgment, rejecting the computer enhancement as ubiquitous but finding the age and quantity enhancements fitting here. "[I]f a district court does not in fact have a policy disagreement with §2G2.2, it is not obligated to vary on that basis." *United States v. Grober*, 624 F.3d 592, 609 (3d Cir. 2010). Plus, as the Government notes, the enhancements may be common because the Government prosecutes only the worst wrongdoers.

Finally, Torres claims the District Court did not individualize his sentence, but it did. It considered his troubled background, anxiety, depression, panic attacks, and acceptance of responsibility. Yet it found that his mental problems were outweighed by the harm to his victims. As it emphasized, one victim lamented that because her images have been viewed more than 22,000 times, she may need therapy for her fear, anxiety, and panic attacks for the rest of her life. The court also considered the other §3553(a) factors and averted disparity by rejecting the computer enhancement. Because the eight-year sentence reasonably reflected the seriousness of the crime, the harm to victims, and other relevant factors, we will affirm it.

3