**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1532
_____

UNITED STATES OF AMERICA

v.

ERIC TRIPLETT,
                                Appellant
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. No. 2-22-cr-00227-001)
District Judge:  Honorable W. Scott Hardy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2024

Before:  JORDAN, PHIPPS, and FREEMAN, *Circuit Judges*

(Filed: March 26, 2024)
_____

OPINION[*]
_____

**JORDAN**, *Circuit Judge*.

Eric Triplett was sentenced to twenty-four months' imprisonment after pleading

guilty to one count of possession of a firearm and ammunition by a convicted felon, in

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He now appeals his sentence, arguing that it is substantively unreasonable.  For the reasons that follow, we will affirm.

## I.    BACKGROUND

In May of 2022, at approximately 4:00 a.m., police found a car that appeared to have crashed into a hillside.  From a distance, the officers observed a man in the driver's seat "with his head slouched backwards."  (Supp. App. at 6.)  When they went to the car and performed a wellness check, they found Triplett unconscious in the driver's seat with the ignition on.  They also smelled alcohol on his breath.  After numerous attempts to wake him, Triplett awoke and appeared confused and disoriented; he was then asked to exit the car.  As he got out of the car, the officers found a loaded 9mm pistol, which turned out to be stolen, on the floorboard near his feet.

Triplett was charged with one count of possession of ammunition and a firearm by a convicted felon.[1]  He pled guilty.  The U.S. Probation Office prepared a Presentence Investigation Report ("PSR") and calculated a total offense level of thirteen and a U.S. Sentencing Guidelines ("guidelines") range of 18–24 months' imprisonment.  Triplett did not raise any objections to the PSR.

Instead, Triplett moved for a downward variance, requesting a sentence of twelve months and one day imprisonment; he did not ask for time-served credit.  At sentencing, the District Court denied his motion and proceeded to weigh the 18 U.S.C. § 3553(a)

---

[1] Triplett had two prior weapons convictions – one state and one federal – and a history of assaultive behavior and physical violence towards women.

factors.[2] The Court stated that "the instant offense[] [was] extremely serious" because it was not Triplett's "first brush with the law involving firearms[,]" but was "the third time that [Triplett had] been down this road[.]" (App. at 105–06.) The Court highlighted that, despite his strong family ties and steady employment history, Triplett "once again illegally possessed a firearm[,] strongly suggest[ing] that the sentences he[] received thus far … did not sufficiently deter him[.]" (App. at 105.)

While noting that Triplett was "remorseful" and had made "laudable" and "important" "contributions to [his] family[,]" including having "steady employment" (App. at 106-07), the Court ultimately decided that Triplett's criminal history – "a dangerous mix of guns and assaultive behavior" – gave rise to "significant concerns about whether the more lenient sentence would be an appropriate deterrent" and would adequately protect the public. (App. at 106–07.) "[A]fter considering all of th[e] Section 3553(a) factors," the District Court imposed a sentence of 24 months' imprisonment and

---

[2] The 18 U.S.C. § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment … ; (B) to afford adequate deterrence … ; (C) to protect the public … ; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment … ; (3) the kinds of sentences available; (4) … the sentencing range … ; (5) any pertinent policy statement … ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution[.]

three years' supervised release.  (App. at 1–5, 107–08.)  Triplett has timely appealed.

**[App. at 9.]**

## II.    DISCUSSION[3]

On appeal, Triplett contends that his sentence was substantively unreasonable because the District Court "ignored"[4] or "slighted relevant [mitigating] factors." (Opening Br. at 14.)  When a sentence is challenged for substantive reasonableness, "we will affirm it unless no reasonable sentencing court would have imposed the same sentence … for the reasons … provided."  *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).  Sentences within the guidelines range – as Triplett's is – may be presumed reasonable.  *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014).  As the party challenging the sentence, Triplett bears the burden of proving that his sentence is substantively unreasonable.  *Tomko*, 562 F.3d at 567.

Triplett recognizes that "[t]he touchstone of 'reasonableness' is whether the record *as a whole* reflects rational and meaningful consideration of the [§ 3553(a) factors]." (Opening Br. at 17 (quoting *Tomko*, 562 F.3d at 575 (first alteration in original))) (emphasis added).  He presents social science evidence to support his position that his

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  We review the substantive reasonableness of the District Court's sentence for abuse of discretion.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

[4] Though Triplett uses "ignored" in his opening brief, he explicitly states that "this court should not opine on the procedural reasonableness of the sentence, as that issue is not before this court."  (Reply Br. at 4 n.4.)  Therefore, we review solely for substantive reasonableness.

4

mitigating factors – strong familial ties and steady employment history – generally lower one's risk of recidivism and so warranted a shorter sentence in his case. He argues that the District Court had "tunnel vision" fixated on deterrence and that his mitigating factors addressed any recidivism concerns. (Opening Br. at 15, **27**.)

The District Court has discretion "to accord less weight to mitigat[ing] factors" advanced by the defendant without rendering the sentence unreasonable. *United States v. Young*, 634 F.3d 233, 243 (3d Cir. 2011). Thus, a sentence is not unreasonable if the district court "fail[ed] to give mitigating factors the weight a defendant contends they deserve[.]" *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). Here, the District Court considered Triplett's mitigating factors and weighed them against the other factors outlined in § 3553(a). It acknowledged that Triplett's mitigating factors were "out of the main from a lot of [other] defendants[.]" (App. at 106). And the Court commended Triplett's work history and his efforts to care for his mother and children. It noted, however, that the goal of the sentence was to ensure that Triplett would "be able to stop making this [repeated] mistake[,]" because he was a danger to his community, his family, and particularly his children. (App. at 116.) While strong familial ties and steady employment history may generally reduce one's risk of recidivism, the District Court found that any reduction was outweighed by other considerations. It was within its discretion to do so. *Bungar*, 478 F.3d at 546.

The record demonstrates that the District Court meaningfully considered Triplett's mitigating factors and weighed them against the other § 3553(a) factors in his case and

5

determined that a within-guidelines sentence was appropriate. That decision was not substantively unreasonable.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.