**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2321

_____

UNITED STATES OF AMERICA

v.

MICHAEL MORAN,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:19-cr-00061-001)
District Judge: Honorable Nora B. Fischer

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 15, 2025

Before: RESTREPO, McKEE and RENDELL, *Circuit Judges*

(Filed: December 24, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Michael Moran appeals his 130-month prison sentence for distribution and possession of child pornography in violation of 18 U.S.C. § 2252. For the reasons that follow, we will affirm the District Court's judgment of sentence.

I.

In February 2019, Michael Moran was indicted on one count of distribution of child pornography and one count of possession of such material, in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2).

Moran pleaded guilty to the charges in October 2022. The U.S. Probation Office calculated a Sentencing Guidelines range of 262 to 327 months imprisonment due to several sentencing enhancements, including a pattern enhancement under U.S.S.G. § 2G2.2(b)(5) that increased the offense level by five levels based on statements Moran made about prior sexual abuse of a minor. The Presentence Investigation Report's ("PSR") recounting of Moran's admission was based on the facts as presented in a state court criminal complaint that was later dismissed. The PSR provided that law enforcement executed a search warrant at Moran's apartment while investigating the instant case. During the search, Moran admitted to sexually abusing a minor decades earlier. He subsequently waived his *Miranda* rights and provided a recorded statement to law enforcement confirming the details of this past conduct.

Prior to sentencing, the District Court issued its Tentative Findings and Rulings, which sustained Moran's objection to the pattern enhancement, removed the five-level enhancement, and revised the range to 151 to 188 months. At sentencing, the government

2

requested a 188-month sentence. Moran sought a six-level downward variance and a sentence of 78 to 97 months imprisonment. Moran based his request on the following factors: the punitive nature of U.S.S.G. § 2G2.2; his difficult upbringing; his own experience of sexual abuse as a child; his age of 66; his declining health; and the prison conditions he endured while incarcerated pending sentencing during the COVID-19 pandemic.

The District Court varied downward and sentenced Moran to a term of imprisonment of 130 months. The District Court varied downward on account of certain mitigating factors, but declined to vary based on Moran's physical health and age. While the District Court considered Moran's admission of prior child sexual abuse, it did not vary or depart upward based on that information.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review the District Court's sentencing decision for procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Mateo-Medina*, 845 F.3d 546, 550 (3d

Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1] When evaluating a sentence for substantive reasonableness, we will affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on [Moran] for the reasons the district court provided." *Tomko*, 562 F.3d at 568. The principle that "[r]eviewing courts are entitled to presume that a sentence within the advisory Guidelines is reasonable," applies here where the District Court imposed a below-Guidelines sentence. *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014).

## III.

Moran argues that the District Court committed procedural error by considering his admission of past sexual abuse and substantive error by failing to vary downward based on his age and health.

First, the District Court did not err when considering Moran's statements about his past conduct. A sentencing judge has broad discretion when considering a defendant's related conduct and background information. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); U.S.S.G. § 1B1.4 ("In determining the sentence to impose, the court may consider, without limitation, any information

---

[1] The government contends that Moran failed to preserve certain objections raised on appeal and therefore plain error review is warranted. We need not decide whether Moran preserved all objections as the District Court's sentence withstands the abuse of discretion standard and would thus also withstand the "exacting plain error standards." *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006).

concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."). However, due process limits this discretion and requires that information relied upon at sentencing contain "sufficient indicia of reliability to support its probable accuracy." *United States v. Berry*, 553 F.3d 273, 280 (3d Cir. 2009) (quoting *United States v. Warren,* 186 F.3d 358, 364–65 (3d Cir. 1999)).

Moran argues that by considering his admission, the District Court improperly considered evidence lacking sufficient reliability and that such evidence was akin to an arrest record, which may not be relied upon at sentencing. Moran relies upon *United States v. Berry*, but *Berry* made clear that "[i]t is the fact of the *increase* based upon inadequate evidence . . . that offends due process" and that a bare arrest record "can not support *increasing* [the defendant's] sentence." 553 F.3d at 284 (emphasis added). Here, the District Court explicitly declined to vary upward based on this evidence and removed the pattern enhancement based on this evidence. Moreover, the District Court ultimately *varied downward* and imposed a below-Guidelines sentence based on other mitigating factors. Thus, to the extent Moran's admission was considered, it did not "support increasing" his sentencing and was not improper.

It is true that consideration of a bare arrest record may also be improper when it "causes the sentencing court to evaluate the § 3553(a) factors with a jaundiced eye," *Berry*, 553 F.3d at 281, but the court must have "actually relied on [the defendant]'s arrests in determining his sentence," *United States v. Ferguson*, 876 F.3d 512, 517 (3d Cir. 2017). Unlike in other cases where we held the sentencing court erred, the District Court did not "bridge the gap between reference and reliance." *Ferguson*, 876 F.3d at 517. For

5

example, in *Mateo-Medina*, although both parties recommended the defendant be sentenced to time served, the judge imposed a greater sentence, which we held was improperly influenced by the defendant's bare arrest record as demonstrated by the court's statement that the defendant's "prior interactions with the police made his statement that he came to the United States to seek a better life 'ring hollow.'" 845 F.3d at 554. In *United States v. Mitchell*, we concluded that the court improperly relied on the arrest record where the court "interrupted the prosecutor to highlight Mitchell's arrests and later recited all 18 of Mitchell's arrests[,] . . . explicitly referred to Mitchell's arrests when describing his 'long and serious' criminal record and identified Mitchell's 'extensive criminal history' as the sole justification for his sentence." 944 F.3d 116, 122 (3d Cir. 2019).

While the District Court considered Moran's admission when evaluating the § 3553(a) factors, the record does not show that the admission affected, let alone "jaundiced," its evaluation of the sentencing factors.[2] "[W]hether a district court has run afoul of the principles we articulated in *Berry* and *Mateo-Medina* is a question that cannot be divorced from the facts and circumstances of each sentencing hearing." *Ferguson*, 876 F.3d at 518. The District Court noted that "this activity that you admit is more than troubling to the Court" and "the fact that you would admit to law enforcement is certainly more than concerning to this Court that you were engaged in contact activity of a minor,"

---

[2] The District Court acknowledged that it considered Moran's admission. *See* App. 241 ("MR. LIPSON: And then is it my understanding that the Court did consider the conduct admitted to by Mr. Moran in March of 2018, but which was dismissed in the county? Did the Court consider the fact of that admission in arriving at its sentence? THE COURT: I did. And to that end, I think that's consistent with the fact that the Court is entitled to consider any and everything in terms of the defendant's background.").

App. 214–15, but then explicitly declined to depart or vary upward based on this conduct. The District Court referenced in passing Moran's past conduct while considering Moran's motion for a downward variance based on policy grounds and declined to vary on policy grounds, but ultimately varied based on mitigating factors.

Thus, as the District Court did not increase—and in fact, decreased—Moran's sentence and because it did not rely on his admission, we need not decide whether Moran's admission as reflected in the PSR is tantamount to a bare arrest record or otherwise lacks the necessary indicia of reliability. We decline to find that the District Court abused its discretion in considering Moran's admission.

IV.

Moran argues that the District Court's sentence was substantively unreasonable by failing to adequately account for his advanced age and deteriorating health. We disagree.

The District Court explained its reasoning for a downward variance at length. It found that Moran's age alone was not a reason to vary because it had sentenced similarly aged or older offenders for similar offenses. With respect to Moran's medical condition, the District Court acknowledged the decline in his physical health and accepted all of Moran's reported medical issues, but it found that the health problems Moran faced are common among his age group and treatable by the medical facilities at the Bureau of Prisons. The District Court also indicated that it would consider Moran's medical condition when imposing a sentence. Given the District Court's examination of Moran's age and health conditions, we discern no abuse of discretion.

V.

7

We conclude that the sentence imposed by the District Court was well within its discretion.[3] Because the District Court committed no error, we will affirm the sentence.

---

[3] As we did not consider the extra-record materials submitted by the government, the Court denies as moot the government's request for judicial notice and request to supplement the record, ECF No. 45, as well as Moran's motion to strike, ECF No. 52. The Court grants Moran's motion to seal Appendix Volume III, ECF No. 29.